IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NATHANIEL VERGARA,[1]**

    **Plaintiff,**

**v.**                                                                             **No. 11-cv-0764 MCA/SMV**

**CAROLYN COLVIN,[2]**
**Acting Comm'r of SSA,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO GRANT PLAINTIFF'S MOTIONS FOR EAJA FEES

THIS MATTER is before the Court on Plaintiff's two motions for attorney fees under the Equal Access to Justice Act ("EAJA") [Docs. 38, 39], filed on December 2, 2013, and December 13, 2013, respectively. The first motion seeks fees for work performed before this Court, and the second motion seeks fees for work performed at the Tenth Circuit Court of Appeals. [Docs. 38, 39]. The Commissioner responded in opposition to both motions in a single brief, filed on December 19, 2013. [Doc. 41]. Plaintiff replied regarding the fees at the appellate level on December 20, 2013. [Doc. 42]. He then filed his reply regarding the district court fees on December 24, 2013. [Doc. 44]. On July 3, 2014, the Court referred the case to the undersigned for analysis and a recommended disposition. [Doc. 46]. Having reviewed the briefs, the record, the applicable case law, and being otherwise fully advised in the premises, I find that the Commissioner has provided no reasonable basis for the Administrative Law

---

[1] Nathaniel Vergara has been substituted for Marion Loera, on behalf of N.V. *See* [Doc. 35-1].
[2] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and, therefore, has been substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

Judge's ("ALJ") failure to apply the proper legal standard in evaluating Dr. Chiang's opinion. Thus, I find that the Commissioner's position was not substantially justified, and EAJA fees are warranted. I will recommend that the Motions be granted and Plaintiff be awarded $5,463.60 for services performed before this Court and an additional $8,665.58 for services performed at the Tenth Circuit Court of Appeals.

## Background

In April 2005, when Plaintiff was 11 years old, his mother applied for supplemental security income ("SSI") benefits on his behalf. She alleged that he became disabled in February 2001 due to a learning disability that caused him difficulties in school. The agency denied benefits initially and on reconsideration. Plaintiff's mother then requested and received a hearing before an ALJ.

The ALJ issued an unfavorable ruling, finding Plaintiff not disabled at step three of the three-step sequential evaluation process for determining childhood disability. *See Adams el rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1298 (10th Cir. 2011) (citing 20 C.F.R. § 416.924). The Appeals Council, however, issued an order vacating the ALJ's decision and remanding the case for further proceedings.

The ALJ held a second hearing, and in September 2009, again denied benefits at step three. Under the three steps, a child under 18 years of age is "disabled" and eligible for SSI benefits if the child (1) is not doing substantial gainful activity ("SGA"); (2) has a medically determinable impairment or combination of impairments that is severe; and (3) the impairment or combination of impairments meets, medically equals, or functionally equals the listings for

disability, 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"); and otherwise meets the applicable duration requirement. 20 C.F.R. § 416.924(a)–(d); *see also id.* § 416.906 (specifying duration requirement).

Here, the ALJ found at step one that the Plaintiff had not engaged in SGA at any time relevant to his application for benefits. At step two, the ALJ assessed Plaintiff with a severe combination of attention deficit hyperactivity disorder, hearing loss, and a learning disorder. But at step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the listings. The ALJ, therefore, found Plaintiff not disabled and denied benefits.

The Appeals Council denied review, making the ALJ's 2009 decision the Commissioner's final decision for judicial review. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). However, the Appeals Council did accept and include in the record additional evidence dated April 2008 to July 2010, which had been submitted by Plaintiff's mother. Ultimately, the Appeals Council concluded that the additional evidence did not provide a basis for altering the ALJ's determination.

Plaintiff's mother filed her Complaint in federal court on August 29, 2011. [Doc. 1]. On consent of the parties, the Honorable W. Daniel Schneider, United States Magistrate Judge, entered final judgment on January 15, 2013.[3] [Docs. 27, 28]. As is relevant here, Judge Schneider rejected Plaintiff's claim that the ALJ had erred in failing to discuss the opinion of the agency physician, Dr. Chiang. [Doc. 27] at 9. Judge Schneider reasoned that the

---

[3] Judge Schneider has since retired from the bench.

3

ALJ was not required to discuss the opinion because it was neither uncontroverted nor significantly probative. *Id.* at 9–10 (citing *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996)). Furthermore, the ALJ rejected Plaintiff's argument that 20 C.F.R. § 416.927(d) or *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008), required remand for failure to discuss an agency consultant's opinion. [Doc. 27] at 10–11.

Plaintiff appealed, and the Tenth Circuit Court of Appeals reversed the decision of the district court. [Doc. 35-1]. Plaintiff argued that the ALJ's failure to discuss Dr. Chiang's opinion violated the regulatory requirement that the ALJ explain the weight given to a state agency medical consultant's opinion. The appellate court agreed. [Doc. 35-1] at 8–9 (citing § 416.927(c), (e)). Explaining that the failure to apply the correct legal standards was grounds for reversal, the court reversed and remanded so that the ALJ could explain what weight should be given to Dr. Chiang's opinion as required by the regulations. [Doc. 35-1] at 9.

In Plaintiff's first motion for attorney fees, he seeks $5,463.60 for 29.7 hours of work at the district court level at rates between $181 and $185 per hour. [Doc. 38] at 2–3. In the second motion, Plaintiff seeks $8,665.58 for 46.75 hours of work at the appellate court level at an average rate of $185.36 per hour.[4] [Docs. 40, 40-1]. The Commissioner responds in opposition to both motions on the sole ground that her positions have been substantially justified. [Doc. 41].

---

[4] Plaintiff originally requested an additional $204.75 in costs, [Doc. 40] at 1, but later, he conceded that he was not entitled to reimbursement of costs because he had proceeded *in forma pauperis*, [Doc. 42] at 4.

4

### Standard

The EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified. *See* [Docs. 38, 40, 41, 42, 44].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. Her "position" collectively refers to her positions at the administrative level and before the federal courts. 28 U.S.C. § 2412(d)(2)(D). "The test for substantial justification in this circuit is one of reasonableness in *law* and fact." *Hackett*, 475 F.3d at 1172 (emphasis added) (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted)). A district or circuit court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce* 487 U.S. at 566).

Similarly, a district or circuit court's order affirming does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1

(10th Cir. 1988). For example, when the agency applies the wrong legal standard and has no reasonable basis for doing so, the Commissioner "can not [sic] show that [her] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, No. 00-7021, 1 F. App'x 792, 795, 2001 WL 10316, at *2 (10th Cir. Jan 4, 2001) (unpublished); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance). One reasonable basis for defending a legal error by the agency may be if the governing law is unclear or in flux, in which case, it is more likely that the government's position will be substantially justified. *Martinez v. Sec'y of Health & Human Sers.*, 815 F.2d 1381, 1383 (10th Cir. 1987). Ultimately, a substantially justified position must be "*reasonable* even if *wrong*." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

## Analysis

Here, the Commissioner has failed to meet her burden to show that her position was substantially justified because: (1) affirmance by the district court does not itself evidence substantial justification; and (2) the agency failed to apply the proper legal standards in evaluating Dr. Chiang's opinion and the Commissioner has provided no reasonable basis for this legal error.

First, the Commissioner argues that "this case involved a genuine dispute, and reasonable people could differ as to the appropriateness of the contested action." [Doc. 41]. As evidence, the Commissioner points to "the rationale in Judge Schneider's opinion." *Id.* at 5; *see*

*id.* at 4–5 (discussing Judge Schneider's rationale). Of course, the fact that Judge Schneider affirmed the agency's decision does not itself evidence that the Commissioner's position was substantially justified. *See Gatson*, 854 F.2d at 381 n.1. More to the point, however, the rationale in Judge Schneider's opinion is irrelevant here because the Commissioner did not assert that rationale herself. The issue presently before me is whether the *Commissioner's* position was substantially justified. The Commissioner's sole argument regarding the evaluation of Dr. Chiang's opinion was harmless error. [Doc. 22] at 14–15. In initially affirming the agency's decision, Judge Schneider did not address the harmless error argument. *See* [Doc. 27]. Instead, he affirmed on other grounds that had not been offered or addressed by the Commissioner. *See id.* at 9–11. Even if Judge Schneider's rationale would have constituted substantial justification for defense of the ALJ's legal error in federal court, that rationale was not the Commissioner's. Accordingly, I find that the rationale in Judge Schneider's decision does not provide a reasonable basis for the ALJ's failure to apply the proper legal standard in evaluating of Dr. Chiang's opinion, nor does not it provide a reasonable basis for the Commissioner's defense in the federal courts of the ALJ's legal error.

Second, the Commissioner argues that her positions at the agency and court levels have been substantially justified because the failure to apply the proper legal standard to Dr. Chiang's opinion—i.e., the ALJ's failure to discuss Dr. Chiang's opinion and to explain what weight was assigned to it—was harmless error. [Doc. 41] at 5–6. Specifically, the Commissioner explains that "although an ALJ must evaluate opinions from State agency physicians, ALJs are not bound by those opinions." [Doc. 41] at 5. She continues that Dr. Chiang's opinion was entitled

to little, if any weight, and Dr. Chiang did not have the benefit of certain evidence. *Id.* at 5–6. Further, she argues that the ALJ indicated that all of the evidence had been reviewed, and besides, Dr. Chiang ultimately agreed that Plaintiff was not disabled. *Id.* at 6.

In this circuit, there are two ways to show harmless error. First, an ALJ's error may not require reversal where other reasoning already contained explicitly or implicitly in the decision supplied sufficient grounds for affirmance notwithstanding the error. *See, e.g., Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005). Similarly, an ALJ's error may not require reversal where the court "could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

Here, the Commissioner's arguments do not provide a reasonable basis for the ALJ's legal error or for defense of that error in the federal courts. The harmless error reasons cited by the Commissioner—that the ALJ was not bound by Dr. Chiang's opinion; that Dr. Chiang did not have the benefit of certain evidence; that the opinion was entitled to little, if any, weight; and that Dr. Chiang believed, ultimately, that Plaintiff was not disabled—are not persuasive. The reasons do not show that, had Dr. Chiang's opinion been expressly considered and weighed, no reasonable administrative factfinder could have resolved the factual matter in any other way.

Additionally, the fact that the ALJ said that all of the evidence had been reviewed and considered is not a sufficient ground for affirmance despite the legal error, nor does it provide a reasonable basis for the Commissioner's position before the courts. The ALJ's duty went

beyond *consideration* of medical source opinion; the ALJ was also required to *make findings* on the record regarding the opinion. *See Keyes-Zachary,* 695 F.3d at 1161 ("It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions.") (citing 20 C.F.R. § 416.927(e)(2)(ii)). Express findings are necessary for meaningful review. *Id.* Thus, the Commissioner was not substantially justified in arguing harmless error on the ground that the ALJ said that all of the evidence had been reviewed.

## Conclusion

In this case, the ALJ failed to apply the proper legal standard in evaluating Dr. Chiang's opinion. Because the Commissioner has provided no reasonable basis for the agency's legal error or for her positions in the federal courts, I find that the Commissioner's positions were not substantially justified. Therefore, EAJA fees are required.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Attorney Fees Under Equal Access To Justice Act [for Work Before the District Court], with Supporting Memorandum [Doc. 38] be **GRANTED**. Plaintiff Nathaniel Vergara should be authorized to receive $5,463.60 for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Attorney Fees . . . Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [for Work Before the Appellate Court] [Doc. 39] be **GRANTED**. Plaintiff Nathaniel Vergara should be authorized to receive

$8,665.58 for payment to his attorney for services before the Tenth Circuit Court of Appeals, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning*, 510 F.3d at 1255.

**IT IS FURTHER RECOMMENDED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**